IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 07-0047-WS |
| | ) |
| DANNY ANTONIO SELLERS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant's *pro se* filing styled "Motion to Reduce Sentence" (doc. 628).

The court file reflects that defendant, Danny Antonio Sellers, has already requested and received the full benefit of Amendment 750, the most recent so-called "crack amendment" to the U.S. Sentencing Guidelines. In particular, via an Order (docs. 594 & 595) dated February 1, 2012, the undersigned reduced Sellers' sentence from 240 months to 189 months based on the amended sentencing guidelines calculations applicable to Sellers upon retroactive application of Amendment 750.[1]

Now Sellers requests further reduction in his sentence to remedy lingering sentencing disparities between crack cocaine offenses and powder cocaine offenses. Amendment 750 implemented a ratio of 18 to 1; however, Sellers writes, "I demand a 1 to 1 ratio." (Doc. 628, at 2.) The fundamental problem with his Motion is that "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d

---

[1] The arithmetic is as follows: Because Sellers was held accountable at sentencing for 1.5 kilograms of crack cocaine, he was originally assigned a base offense level of 36 (with no upward or downward adjustments). When considered with his criminal history category of II, Sellers' original guidelines range was 210 months to 262 months. The Court selected a mid-range sentence of 240 months at the original sentencing proceeding. After taking into account Amendment 750, however, the Court recalculated Sellers' guideline range at 168 months to 210 months (with a base offense level of 34 and a criminal history category of II). Using that amended guidelines range, the February 1 Order imposed a comparable mid-range sentence of 189 months.

1190, 1194-95 (11th Cir. 2010); *see also United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010) ("A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35."). This Motion seeks relief that goes far beyond such narrow limitations.

Although Sellers does not identify the statute or rule that he contends authorizes this Court to reduce his sentence, the only conceivable provision that he could be invoking is 18 U.S.C. § 3582(c)(2). But this statute is quite limited, and applies only in certain narrowly circumscribed situations. *See, e.g., Dillon v. United States*, --- U.S. ----, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."); *United States v. Melvin*, 556 F.3d 1190, 1193 (11th Cir. 2009) (explaining that "[t]he district court was only permitted under § 3582(c)(2) to reduce Melvin's sentences consistent with the applicable policy statements of the Sentencing Commission"); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Section 3582 only provides a district court with the discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission."); *United States v. Armstrong*, 347 F.3d 905, 907 (11th Cir. 2003) ("Any retroactive reduction in sentence subsequent to a motion filed under § 3582(c)(2) must be consistent with applicable policy statements issued by the Sentencing Commission.").

Sellers' present Motion plainly does not fit within the narrow parameters of § 3582(c)(2). He makes no argument that the guidelines range pursuant to which he was sentenced has subsequently, retroactively been lowered by the Sentencing Commission to reflect a 1 to 1 sentencing ratio. As a factual matter, no such modification has occurred. And, as noted, Sellers has already received the full benefit of the recent Amendment 750, which has been given retroactive effect to reduce the base offense level associated with certain crack cocaine offenses in order to mitigate the very disparity about which defendant complains. Sellers' arguments that crack cocaine is no more addictive than powder cocaine, and that he feels his sentence unfairly penalizes him for trafficking in crack cocaine (as opposed to powder cocaine) do not fall within the narrow circumstances under which a federal district court is authorized to reduce a defendant's sentence under § 3582(c)(2). In short, the Court is not authorized at this time to modify Sellers' sentence based on crack/powder cocaine sentencing disparities, where he has

already been given the full benefit of the Sentencing Commission's most recent amendment and policy statement addressing that concern.

For all of these reasons, Sellers' Motion to Reduce Sentence (doc. 628) is **denied**. Insofar as Sellers may wish to appeal, the Court hereby **certifies** (for the foregoing reasons) that any appeal from this Order would be plainly frivolous and not in good faith. Accordingly, he will not be permitted to pursue an appeal *in forma pauperis*.

DONE and ORDERED this 7th day of November, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE